UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GONGJU CHOI,<br><br>                        Plaintiff,<br>    v.<br><br>LG ELECTRONICS USA, INC.,<br><br>                        Defendant. | No. 2:22-cv-00494-BJR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE |

## I. INTRODUCTION

Presently before the Court is a motion filed by Defendant LG Electronics USA, Inc. ("Defendant") to dismiss Plaintiff Gongju Choi's ("Plaintiff") complaint for failure to prosecute. Dkt 21. Plaintiff does not oppose the motion. Having reviewed the pleadings, the record of the case, and the relevant legal authorities, the Court GRANTS the motion. The Court's reasoning is set forth below.

## II. BACKGROUND

Plaintiff filed this product liability and personal injury lawsuit on March 4, 2022 in Washington State Superior Court for King County. Dkt. 1-2 ("Complaint"). On April 13, 2022, Defendant removed the case to this Court. Dkt. 1.

On May 16, 2022, the Court issued an order setting deadlines for the parties' initial disclosures and submission of a Joint Status Report and Discovery Plan ("JSR"). Dkt. 14.

ORDER - 1

Plaintiff, for whom no counsel had yet entered an appearance, failed to file her initial disclosures or participate in the submission of a JSR. Defendant, in a Status Report and Discovery Plan it filed on its own, advised the Court that Plaintiff had not participated in the submission of a JSR because her attorney, Daniel Yoon, had not been admitted to practice in this District. Dkt. 16. In response, on July 1, 2022, the Court entered an Order directing Plaintiff to confer with Defendant within 14 days concerning the filing of a JSR, and warning Plaintiff that her failure to do so could subject her lawsuit to dismissal. Dkt. 17. On July 15, 2022, Defendant filed a status report advising the Court that neither Plaintiff nor her counsel had contacted Defendant to meet and confer, as required.

On July 19, 2022, Mr. Yoon contacted this Court's chambers to explain that he had encountered certain difficulties in submitting his application for admission in this District. In response, the Court entered an Order on July 21, 2022 recommending that Mr. Yoon contact the Washington State Bar Association for assistance. Dkt. 19. In that Order, the Court also recommended that, if Mr. Yoon were unable to obtain such assistance, he should consider recommending to Plaintiff that she associate with another attorney who is admitted to practice before this Court. *Id.* On August 5, 2022, Mr. Yoon again contacted this Court's chambers to advise that he had not been able to make contact with the Washington State Bar Association.

On August 18, 2022, in light of Mr. Yoon's lack of progress in obtaining admission to practice, the Court instructed Mr. Yoon to procure substitution counsel who is admitted to practice in this District and could either replace or associate with him as Plaintiff's counsel. Dkt. 20.[1] Since that Order, Mr. Yoon has made no contact with the Court, and Plaintiff has provided no

---

[1] The Court's August 18 Order also directed Mr. Yoon to share the Order and its contents with Plaintiff. Dkt. 20.

ORDER - 2

indication as to whether she has obtained substitution counsel to represent her or intends to proceed *pro se*. Further, Defendant submits with its motion email correspondence between its counsel and Mr. Yoon reflecting that he has not responded to Defendant's counsel's repeated inquiries – made over the past several months – as to whether, and how, Plaintiff intends to proceed. Dkt. 22, Exs. C-D.

### III.   DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with … a court order." Fed. R. Civ. P. 41(b). "A district court must consider five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Beck v. Pike*, No. 16-cv-0001, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017) (citing *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)). "Dismissal is proper when at least four factors support dismissal or where at least three factors 'strongly' support dismissal." *Id*. (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

#### A.   The Public's Interest in Expeditious Resolution of Litigation

"[T]he public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *In re Phenylpropanolamine (PPA) Prod. Liab. Litig*., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Fed. R. Civ. P. 1). The expeditious resolution of disputes "is of great importance to the rule of law," and "[b]y the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* As such, "[t]he public's interest in expeditious resolution of

ORDER - 3

litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, roughly eight months have passed without any activity on Plaintiff's part. As noted above, despite repeated orders by the Court, Plaintiff has failed to participate in the submission of a JSR, and she has provided no indication that she intends to proceed *pro se* or else retain substitution counsel to represent her. Indeed, and tellingly, she has chosen not to oppose Defendant's present motion. Accordingly, lacking any indication that Plaintiff intends to advance this litigation toward an eventual resolution, the Court finds that the first factor weighs strongly in favor of dismissal.

### B. The Court's Need to Manage its Docket

For substantially the same reasons, the second factor also weighs strongly in favor of dismissal. *See In re Phenylpropanolamine*, 460 F.3d at 1227 ("This factor is usually reviewed in conjunction with the public's interest in expeditious resolution."). District courts have the "'power to manage their dockets' without being subject to endless non-compliance with case management orders." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Since this case was removed to this Court, Plaintiff has failed to comply with every one of the Court's orders concerning initial case deadlines. While the Court appreciates that Plaintiff's counsel has been unable to gain admission in this District, leaving her to proceed *pro se*, even self-represented litigants are required to comply with the Court's orders. *See Smith v. Legacy Partners, Inc.*, No. 2:21-cv-00629, 2022 WL 2135369, at *2 (W.D. Wash. June 14, 2022). (dismissing case brought by *pro se* plaintiff for failing to comply with court's discovery orders). Under the circumstances, "[t]he Court cannot afford to dedicate scarce resources towards ensuring [Plaintiff's] compliance with basic procedural obligations." *Campbell v. City of Seattle*, No. 19-cv-01105, 2022 WL

ORDER - 4

17361290, at *4 (W.D. Wash. Dec. 1, 2022).  Therefore, the second factor weighs strongly in favor of dismissal.

### C.     The Risk of Prejudice to Defendant

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  A defendant is presumed to suffer prejudice when the plaintiff has caused "unreasonable delay." *In re Phenylpropanolamine*, 460 F.3d at 1236.  At this point, Plaintiff's failure to retain substitution counsel or else proceed *pro se* has prevented Defendant from taking discovery concerning Plaintiff's claims and its potential defenses, and otherwise advance toward an eventual resolution of the case.  The Court finds that Plaintiff's delay, which is explained only by Mr. Yoon's difficulties becoming admitted to practice before this Court, is unreasonable and therefore has prejudiced Defendant.  Accordingly, this factor weighs strongly in favor of dismissal.

### D. The Public Policy Favoring the Disposition of Cases on Their Merits

"Although public policy favoring disposition on the merits generally weighs against dismissal, 'a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.'" *Regalado v. Cnty. of Riverside*, No. 22-55235, 2022 WL 17538748, at *2 (9th Cir. Dec. 8, 2022) (quoting *In re Phenylpropanolamine*, 460 F.3d at 1228).  In such cases, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Phenylpropanolamine*, 460 F.3d at 1228) (quotation marks omitted).  This is one such case.  While dismissal will certainly

result in Plaintiff's claims not being resolved on the merits, Plaintiff has taken no steps to proceed toward such disposition. Accordingly, the Court finds that the fourth factor is neutral.

### E. The Availability of Less Drastic Sanctions

The Ninth Circuit has repeatedly held that a specific warning of the possibility of dismissal will satisfy the "less drastic" factor. *See Regalado*, 2022 WL 17538748, at *2; *see also In re Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). As noted above, the Court issued that warning on July 1, 2022 in response to Plaintiff's initial failure to participate in the submission of a JSR. Dkt. 17. Moreover, in light of Plaintiff's failure to take even the most basic steps necessary to comply with the Court's orders and prosecute her case, the Court perceives no less drastic sanction that might prompt action on her part. Therefore, the fifth factor weighs in favor of dismissal.

Accordingly, having found that four factors weigh in favor of dismissal – three of them strongly – the Court concludes that dismissal of this case is warranted. *See Hernandez*, 138 F.3d at 399.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to prosecute (Dkt. 21) is GRANTED. This case is hereby DISMISSED without prejudice.

Dated: December 27, 2022

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 6